IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

THOMAS L. THOMAS,

    Relator,

v.

JACKSONVILLE TRANSPORTATION AUTHORITY, et al.,

    Respondents.

CIVIL ACTION NO.: 5:17-cv-22

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Presently before the Court is Relator Thomas Thomas' ("Thomas") Complaint, filed pursuant to the False Claims Act, 31 U.S.C. §§ 3729–3733. Thomas concurrently filed a Motion to File Under Seal and a Motion for Leave to Proceed *in Forma Pauperis*. The Court **GRANTS** Thomas' Motion to Seal and **ORDERS** the Clerk of Court to file Thomas' Complaint, including any and all attachments, as well as this Order, under seal. However, for the reasons set forth below, the Court **DENIES** Thomas' Motion for Leave to Proceed *in Forma Pauperis*. In addition, I **RECOMMEND** that the Court **DISMISS** this action, and **DENY** Thomas leave to appeal *in forma pauperis*.

## BACKGROUND

Thomas filed this Complaint, pursuant to the False Claims Act, 31 U.S.C. §§ 3729–3733, on February 7, 2017. (Compl.) Though Thomas' Complaint is difficult to decipher, it appears he is contesting the method by which Respondents exercised eminent domain powers over land he purportedly owns in Jacksonville, Florida. (Id. at p. 3.) Thomas maintains Respondents

conspired "to purchase [his] property before [f]ederal [f]unds would be released" in order to "fraudulent[ly] obtain [m]illions of [d]ollars from the U.S. Government . . . to build the Wonderwood Express and Nuclear Waste Corridor." (Id. at pp. 4–6.) Thomas requests that "the U.S. Justice Department Special Litigation Section process[ ]" his "Complaint for Qui Tam Prosecution under [the] Federal False Claims Act[.]"  In addition to his Complaint, Thomas filed a Motion to Proceed *in Forma Pauperis* and a Motion to Seal this Complaint.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress.  Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(i)–(ii); Grayson v. Mayview State Hosp., 293 F.3d 103, 113 n.19 (3d Cir. 2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)"); Dutta-Roy v. Fain, No. 1:14-CV-280-TWT, 2014 WL 1795205, at *2 (N.D. Ga. May 5, 2014) (frivolity review of indigent non-prisoner plaintiff's complaint).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances).  Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without

arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Thomas' unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

**DISCUSSION**

**I.     Motion to Seal**

As an initial matter, the Court **GRANTS** Thomas' Motion to file this Complaint and all the exhibits attached thereto under seal.  Pursuant to 31 U.S.C. § 3730(b)(2), a complaint filed under the False Claims Act "shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders."  Accordingly, the Court **DIRECTS** the Clerk of Court to **FILE UNDER SEAL** the following documents: Thomas' Motion to Seal, Thomas' Complaint, Exhibits A–R, Civil Cover Sheet, Thomas' Supplemental Relator's Pro Se Motion to Proceed *in Forma Pauperis*, Application to Proceed in District Court without Prepaying Fees or Costs (Short Form), and Thomas' Proof of Service.  These documents shall remain under seal until further Order of the Court.

**II.    Whether Thomas Filed his Petition in the Proper Court**

As best the Court can discern, Thomas alleges Respondents defrauded the United States Government by using eminent domain powers to seize land he purportedly owned in Jacksonville, Florida. (Compl., pp. 3–6.)  In his Complaint, Thomas names Respondents located in the Northern District of Ohio, who he claims are involved in litigation concerning his seized land, as well as Respondents located in the Middle District of Florida.  Because his claims concern land located in Jacksonville, Florida, and he names residents of Florida and Ohio as Respondents, his Petition should have been filed in the Northern District of Ohio, Eastern Division, or the Middle District of Florida, Jacksonville Division, rather than in the Waycross Division of this Court.  28 U.S.C. § 115(a)(1); 28 U.S.C. § 89(b).

A district court may raise the issue of defective venue *sua sponte*.  Collins v. Hagel, No. 1:13-CV-2051-WSD, 2015 WL 5691076, at *1 (N.D. Ga. Sept. 28, 2015) (citing Kapordelis v.

Danzig, 387 F. App'x 905, 906–07 (11th Cir. 2010) (affirming *sua sponte* transfer, pursuant to 28 U.S.C. § 1406(a), of *pro se* prisoner's civil rights action from New York to Georgia); Berry v. Salter, 179 F. Supp. 2d 1345, 1350 (M.D. Ala. 2001); cf. Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988); and Nalls v. Coleman Low Fed. Inst., 440 F. App'x 704, 706 (11th Cir. 2011)).  When venue is improper, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a).  "The court may transfer the case if (1) the proposed transferee court is one in which the action 'could have been brought' and (2) transfer would be 'in the interest of justice.'"  Leach v. Peacock, Civil Action No. 2:09cv738-MHT, 2011 WL 1130596, at *4 (M.D. Ala. Mar. 25, 2011) (citing 28 U.S.C. § 1406(a)).  Trial courts generally have broad discretion in determining whether to transfer or dismiss a case.  Id. (citing England v. ITT Thompson Indus., Inc., 856 F.2d 1518, 1520 (11th Cir. 1988)).  Ordinarily, this Court would transfer this case, in the interest of justice, as venue is not proper in this Court.

However, as explained below, in this case, the interest of justice would not be served by transferring this case to the Middle District of Florida, Jacksonville Division, or the Northern District of Ohio, Eastern Division.  Thomas' Complaint would be subject to dismissal in those courts for the reasons which follow, and thus, transferring this case to another district would be futile.  Accordingly, the Court should **DISMISS** Thomas' Complaint on the basis of improper venue.

### III. Dismissal of Complaint for Lack of Subject Matter Jurisdiction

Under the False Claims Act, "a private individual, called a relator, may file a civil action on behalf of the federal government" via a *qui tam* suit.[1]  Deutsche Bank Nat. Trust Co. v.

---

[1] "*Qui tam* is short for '*qui tam pro domino rege quam pro se ipso in hac parte sequitur*,' which means 'who pursues this action on our Lord the King's behalf as well as his own.'" Timson v. Sampson, 518

5

Holyfield, 309 F. App'x 331, 332–33 (11th Cir. 2009) (citing Stalley v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1233 (11th Cir. 2008)).  "The right to file a *qui tam* claim is statutory."  Id.  To present a successful claim under the False Claims Act, a private citizen relator must prove three things: "(1) a false or fraudulent claim; (2) which was presented, or caused to be presented, by the defendant to the United States for payment or approval; (3) with the knowledge that the claim was false."  Id. (citing United States ex rel. Walker v. R&F Props of Lake Cty., Inc., 433 F.3d 1349, 1355 (11th Cir. 2005)).

However, while a private individual may present claims under the False Claims Act, the Eleventh Circuit Court of Appeals has made clear that a private individual may not pursue a *qui tam* suit under the False Claims Act *pro se*.  See Timson v. Sampson, 518 F.3d 870, 873–74 (11th Cir. 2008) (holding that the district court lacks subject matter jurisdiction over a False Claims Act brought by a *pro se* relator).  In Timson, the Eleventh Circuit reasoned that, while 28 USC § 1654 permits parties to "plead and conduct *their own* cases personally," that provision does not permit parties to represent the interests of others.  Id. at 873.  The Eleventh Circuit then observed that "[t]he United States is the real party in interest in a *qui tam* action under the False Claims Act" and concluded that *pro se* litigants do "not have authority under 28 U.S.C. § 1654 to proceed *pro se* in [a] *qui tam* action, and is without any authority to do so unless the [False Claims Act] authorizes relators to litigate a *qui tam* suit *pro se*."  Id. at 873.  Accordingly, "[i]f a person brings a *qui tam* claim based on the [False Claims Act], and he or she proceeds *pro se*, the district court will lack subject matter jurisdiction over the claim."  Holyfield, 309 F. App'x at 333.

---

F.3d 870, 872 n.1 (11th Cir. 2008) (quoting Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1237 n.1 (11th Cir. 1999)).

Here, Thomas attempts to assert claims on behalf of the United States *pro se*. For the reasons discussed above, he may not do so. Accordingly, because this Court lacks subject matter jurisdiction over Thomas' claims, the Court should **DISMISS** Thomas' Complaint. For this same reason, the Court **DENIES** Thomas' Motion to Proceed *in Forma Pauperis*, as he may not proceed with his False Claims Act claims in this Court without representation.

## IV.   Denial of Leave to Appeal *in Forma Pauperis*

The Court should also deny Thomas leave to appeal *in forma pauperis*. Though Thomas has, of course, not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

7

Based on the above analysis of Thomas' action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Thomas *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, the Court **GRANTS** Thomas' Motion to Seal. The Court **ORDERS** the Clerk of Court to file Thomas' Complaint, including any and all attachments, as well as this Order, under seal. However, the Court **DENIES** Thomas' Motion to Proceed *in Forma Pauperis*. I **RECOMMEND** that the Court **DISMISS** this action, and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Thomas leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A

party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Thomas.

    **SO ORDERED**, this 1st day of September, 2017.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA